UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund, | ) | |
| Midwest Operating Engineers Pension Trust Fund, | ) | |
| Operating Engineers Local 150 Apprenticeship | ) | |
| Fund, Local 150 IUOE Vacation Savings Plan, | ) | |
| Midwest Operating Engineers Retirement | ) | |
| Enhancement Fund, International Union of | ) | |
| Operating Engineers, Local 150, AFL-CIO, | ) | Case No. |
| and the Construction Industry Research and | ) | |
| Service Trust Fund, | ) | Judge: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Hard Surface Contractors, LLC, | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## COUNT I

1. This Court has jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Local 150 I.U.O.E. Vacation Savings Plan, and Midwest Operating Engineers Retirement Enhancement Fund ("the Funds") are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

3. Defendant Hard Surface Contractors, LLC, an Illinois Corporation, is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5).

4. International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

5. Defendant and Local 150 are parties to collective bargaining agreements known as the Heavy Highway and Underground Agreement (attached as Exhibit A) pursuant to a Memorandum of Agreement dated April 19, 2013 (attached as Exhibit B); and the Illinois Building Agreement (attached as Exhibit C) pursuant to a Memorandum of Agreement dated April 19, 2013 (attached as Exhibit D).

6. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because Plaintiff Trust Funds are located and administered in Cook County, Illinois.

7. Defendant is obligated to make fringe benefit contributions to the Funds under the terms of the Agreements and Declarations of Trust pursuant to which the Funds are maintained and/or pursuant to the terms of collective bargaining agreements to which Defendant and Local 150 are parties.

8. As an employer obligated to make fringe benefit contributions to the Funds under the Agreements and Declarations of Trust, Defendant specifically is required to:

   (a) Submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to the Funds, or, if no such persons are employed, to submit a report so stating;

   (b) Accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

   (c) Make all of its payroll books and records available to the Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by the Funds;

   (d) Compensate the Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten percent (10%) of any and all contributions

       which are not received by the Funds for a particular month prior to the 10th day of the succeeding month, or the sum of twenty (20%) percent of such contributions as liquidated damages should there be further delay in payment as necessitates the filing of a lawsuit by the Funds against Defendant;

(e)     Pay the Funds interest in the amount of eight percent (8%) per annum for all delinquent contributions;

(f)     Pay any and all costs incurred by the Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to the Funds;

(g)     Pay the Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(h)     Furnish to the Funds a bond with good and sufficient surety thereon, in an amount acceptable to the Funds, to cover future contributions due the Funds.

9.     Defendant is delinquent and has breached its obligations to the Funds and its obligations under the Plans by failing and refusing to submit all of its reports to the Funds due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due the Funds. Defendant, therefore, is subject to liquidated damages, as authorized by the Trust Agreements. The Funds have assessed liquidated damages against Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

10.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Defendant, there is a total of $122,763.21 known to be due the Funds from Defendant, and subject further to the possibility that additional contributions, interest, and liquidated damages will come due during the pendency of this lawsuit.

11.     The Funds have demanded that Defendant perform its obligations stated above, but Defendant has failed and refused to so perform.

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period for which the collective bargaining agreements are to be effective;

B. Defendant be ordered to submit all delinquent monthly Contribution Reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. Judgment be entered in favor of the Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

D. Defendant be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

E. The Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II
## SUIT TO COLLECT UNION DUES

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Defendant Hard Surface Contractors, LLC, an Illinois Corporation, is an employer within the meaning of 29 U.S.C. § 152(2).

3. Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), is a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Union's principal office is located within the geographic jurisdiction of this Court.

5. Defendant and Local 150 are parties to collective bargaining agreements known as the Heavy Highway and Underground Agreement (attached as Exhibit A) pursuant to a

4

Memorandum of Agreement dated April 19, 2013 (attached as Exhibit B); and the Illinois Building Agreement (attached as Exhibit C) pursuant to a Memorandum of Agreement dated April 19, 2013 (attached as Exhibit D).

6. Defendant is obligated to make administrative dues payments under the terms of the collective bargaining agreements to which Defendant and Local 150 are parties.

7. Despite these obligations under the Agreements, the Defendant has failed to withhold and/or report to and submit to the Union administrative dues deducted or administrative dues in the amount of $1,088.64.

WHEREFORE, Local 150 respectfully requests this Court enter judgment against Defendant and order it to:

    A.    Submit all unpaid administrative dues to Local 150;
    B.    Pay the Union's costs and reasonable attorneys' fees incurred in this action;
    C.    Award the Union such further relief as may be deemed just and proper by the Court.

### COUNT III
### SUIT TO COLLECT CONSTRUCTION INDUSTRY RESEARCH AND SERVICE TRUST FUND CONTRIBUTIONS

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Defendant Hard Surface Contractors, LLC, and Illinois Corporation, is an employer within the meaning of 29 U.S.C. § 152(2).

3. Construction Industry Research and Service Trust Fund ("CRF") is a fund as defined under Section 302(c)(9), 29 U.S.C. § 186 (c)(9).

4. International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), is a labor organization under the LMRA, 29 U.S.C. § 152(5).

5. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because CRF's principal office is located within the geographic jurisdiction of this Court.

6. Defendant and Local 150 are parties to collective bargaining agreements known as the Heavy Highway and Underground Agreement (attached as Exhibit A) pursuant to a Memorandum of Agreement dated April 19, 2013 (attached as Exhibit B); and the Illinois Building Agreement (attached as Exhibit C) pursuant to a Memorandum of Agreement dated April 19, 2013 (attached as Exhibit D).

7. As an employer obligated to make contributions to CRF under the Agreement and Declaration of Trust, Defendant is required to:

   (a) Submit for each month a contribution report identifying the names, Social Security numbers, and number of hours worked by each person on whose behalf contributions to the CRF must be made by Defendant, or, if no persons are employed, to submit a report so stating;
   (b) Pay contributions to CRF based upon an hourly rate as stated in the collective bargaining agreements;
   (c) Compensate CRF for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten (10%) percent of such delinquent contributions;
   (d) Pay CRF's reasonable attorneys' fees and costs necessarily incurred in any action to recover delinquent contributions.

8. Defendant is delinquent and has breached its obligations to CRF and its obligations under the Plan in the following respects:

   (a) Defendant has failed and refused to submit all of its contribution reports to CRF;
   (b) Defendant has failed to make timely payment of all contributions acknowledged by Defendant thereon to be due according to Defendant's own contribution reports and the collective bargaining agreements.

9. Defendant is obligated to make payments to CRF under the terms of the Agreements and Declarations of Trust pursuant to which the Funds are maintained and/or pursuant to the terms of collective bargaining agreements to which Defendant and Local 150 are parties.

10. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Defendant, there is a total of $2,456.83 known to be due to CRF from Defendant, subject to the possibility that additional contributions, interest and liquidated damages will become due during the pendency of this lawsuit.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Defendant to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Defendant for all unpaid contributions, liquidated damages, CRF's reasonable attorneys' fees and costs;

C. Permanently enjoin Defendant to perform specifically its obligations to CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and the collective bargaining agreements;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ Robert A. Paszta<br>Attorney for the Funds and CRF | By: /s/ Dale D. Pierson<br>Attorney for IUOE Local 150 |

Dated: October 14, 2015

| Attorney for The Funds and CRF:<br>Robert A. Paszta<br>Institute for Worker Welfare, P.C.<br>6141 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6657<br>Fx: (708) 588-1647<br>rpaszta@local150.org | Attorney for IUOE Local 150:<br>Dale D. Pierson<br>IUOE Local 150 Legal Dept.<br>6140 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6663<br>Fx.: (708) 588-1647<br>dpierson@local150.org |